IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LIZZIE WALKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION FILE ) NO. 1:13-CV-704-MHC |
| BANK OF AMERICA, N.A., JOHN DOE, XYZ-1 CORP., and XYZ-2 CORP., | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Defendant Bank of America, N.A. ("BOA") has filed a Motion for Reconsideration [Doc. 53] of this Court's previous Order denying it summary judgment. The sole basis for the motion is BOA's contention that, three weeks after the Order denying summary judgment, the Georgia Court of Appeals published a decision "where it came to the opposite conclusion when considering a case with similar facts." Def.'s Mot. for Reconsid. at 2-3, citing Canaan Land Props., Inc. v. Herrington, No. A14A0849, 2014 Ga. App. LEXIS 795 (Nov. 21, 2014). This Court has reviewed the decision and finds no reason to reconsider its previous ruling.

The state appellate court in Herrington makes no change to existing Georgia law. In fact, Herrington relies on the same case cited by this Court in its prior decision when it states, "A mere possibility of causation is not enough [to establish negligence] and when the matter remains one of pure speculation or conjecture and the probabilities are at best evenly balanced it is appropriate for the court to grant summary judgment." 2014 Ga. App. LEXIS at *5 (quoting Pennington v. WJL, Inc., 263 Ga. App. 758, 760 (2003)).

BOA's problem is not that the law has changed but that the facts viewed in the light most favorable to Plaintiff in this case are not analogous to the facts reviewed in Herrington. In Herrington, the plaintiff alleged that he fell in a store parking lot when the shopping cart he was pushing turned to the left, causing a rear wheel on the cart to catch his foot and trip him. Id. at *2-3. Some hours later, the plaintiff returned to the scene and discovered a hole or divot in the ground that he assumed caused the shopping cart to turn. Id. at *3. In a subsequent deposition, the plaintiff instead acknowledged that the sudden turn in the cart could have been caused by "trash," denied telling a store employee about the hole or divot, and admitted "that some other condition may have caused him to fall." Id. at *5-6. The only other evidence was an affidavit of an investigator who confirmed the existence of a hole two years after the incident but that same investigator was

unable to testify about the condition of the parking lot at the time of the fall. Id. at *6-7.

The plaintiff in Herrington presented no evidence other than mere conjecture or speculation as to the cause of his fall. Conversely, in this case, Plaintiff has some evidence that establishes a causal connection between the protruding lip of the walkway and her fall and that BOA had prior knowledge of the existence of the hazard. Unlike Herrington, there is a disputed material issue of fact in this case that precludes the grant of summary judgment to BOA. Daugherty v. FDIC, No. 7:12-CV-49(HL), 2013 U.S. Dist. LEXIS 149304 (M.D. Ga. Oct. 17, 2013); J. H. Harvey Co. v. Reddick, 240 Ga. App. 466, 468-69 (1999); Fussell v. Jimbo's Log Kitchen, Inc., 227 Ga. App. 161, 163-64 (1997).

For the foregoing reasons, Defendant Bank of America, N.A.'s Motion for Reconsideration [Doc. 53] is **DENIED**.

**IT IS SO ORDERED** this 10th day of February, 2015.

MARK H. COHEN
United States District Judge

3